UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-22880-BLOOM/Otazo-Reyes

DMITRY KRUGLOV,

      Plaintiff,
vs.

U.S. CUSTOMS AND BORDER
PROTECTION *et al.*,

      Defendants.
_____/

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

**THIS CAUSE** is before the Court on a *sua sponte* review of the record. On August 2, 2023, Plaintiff Dmitry Kruglov filed a *pro se* Complaint alleging multiple causes of action. ECF No. [1]. Plaintiff did not pay the required filing fee but filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form). ECF No. [3]. Because Plaintiff is a *pro se* litigant who has not paid the required filing fee, the screening provisions of 28 U.S.C. section 1915(e) apply. Under that statute, the Court shall dismiss a suit "at any time if [it] determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2) (alterations added). Upon initial screening, the Court finds Plaintiff's Complaint must be dismissed and the Application denied, because the Complaint fails to state a claim upon which relief can be granted.

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citation omitted). Still, a *pro se* party must abide by Rule 8(a)(2), which requires that a pleading

Case No. 23-cv-22880-BLOOM/Otazo-Reyes

contain a "short and plain statement of the claim" showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *see Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). Under Rule 8(a)(2), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Complaints that violate [ ] Rule 8(a)(2) . . . are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (alterations added). While there are various types of shotgun pleadings, their "unifying characteristic" is they "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323 (alteration added; footnote call number omitted). Therefore, "shotgun pleadings are routinely condemned by the Eleventh Circuit." *Real Estate Mortg. Network, Inc. v. Cadrecha*, No. 8:11-cv-474, 2011 WL 2881928, at *2 (M.D. Fla. July 19, 2011) (citing *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991)).

The Complaint here is a shotgun pleading, violating Rule 8(a)(2). The Complaint asserts eight claims against seven Defendants. ECF No. [1] at 1-6. The Complaint incorporates by reference a detailed affidavit that spans nine pages and organizes its allegations by each claim. ECF No. [1-1]. However, many of the claims do not allege to whom the claims are applicable. For example, in the Third Cause of Action: Fourteenth Amendment Claim, the Complaint states, "Defendants violated the Fourteenth Amendment by detaining Plaintiff after compelling search of his vehicle and verifying his Permanent Residence status," but does not plead the facts in the affidavit that are relevant to show how each Defendant allegedly violated the Fourteenth Amendment. ECF No. [1] at 3. The Complaint's Fourth, Fifth, Sixth, Seventh, and Eight Causes of Actions are to the same effect. *Id.* at 3-6.

Case No. 23-cv-22880-BLOOM/Otazo-Reyes

Additionally, the Complaint does not conform with the requirement of Rule 10(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *Id.* Rule 10(b) also specifies that "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." *Id.*

Because Plaintiff failed to comply with Rules 8(a)(2) and 10(b), the Complaint does not provide "adequate notice" to Defendants, let alone the Court, "of the claims against [Defendants] and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**.
2. Plaintiff's Motion to Proceed *in Forma Pauperis*, **ECF No. [3]**, is **DENIED AS MOOT**.
3. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 4, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Dmitry Kruglov
18117 Biscayne Blvd # 1310
Aventura, FL 33160